UNITED STATES of America ex rel. Rudy RANGEL, Petitioner,

v.

David H. BRIERTON, Warden of Stateville Correctional Center, Respondent.

No. 77 C 0651.

United States District Court, N. D. Illinois, E. D.

Sept. 7, 1977.

Rudy Rangel, pro se.

Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for defendant.

Memorandum

LEIGHTON, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by an Illinois penitentiary inmate. Petitioner alleges that he is unlawfully incarcerated as the result of the trial court's acceptance of his guilty plea without showing there was a factual basis for the plea. At issue is whether this application for a federal writ of habeas corpus, together with the supporting documents, states a case on which relief can be granted.

Petitioner Rudy Rangel was charged by indictment with murder, attempt to murder, aggravated battery, and concealment of a homicidal death. On August 1, 1974, the Circuit Court of Cook County accepted his plea of guilty to attempt to murder. He was sentenced to serve four to eighteen years. He did not appeal and was incarcerated in the Stateville Correctional Center, Joliet, Illinois. In this petition he alleges that his plea of guilty was involuntary because the trial court did not ascertain whether he understood the law of attempt to murder before accepting the guilty plea. Petitioner alleges the crime of attempt to murder requires the intended victim be alive at the time the attempt is made; and in this case, the victim of the alleged attempt to murder was dead at the time petitioner committed the criminal acts; that when he pled guilty he did not know this rule of law, and the trial court did not inform him of this fact before accepting the guilty plea; that the fact of his right to appeal was not told him by the trial judge; therefore, since the Illinois statutory period for a criminal appeal has run, his only rem-edy is this application for a federal writ of habeas corpus.

Respondent has moved to dismiss this petition under Fed.R.Civ.Proc. Rule 12(b) on the ground that it fails to state a claim on which relief can be granted. He contends that petitioner has failed to exhaust available state remedies, specifically, the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat., ch. 38 § 122.1 (1975). He argues that petitioner can, even now, be heard in an Illinois court on the claim he asserts here.

■ This court finds it unnecessary to resolve the exhaustion issue raised by respondent because it concludes that the claim for federal habeas corpus relief in this case is legally insufficient. Petitioner rests his application for relief on the contention that a defendant cannot be convicted of attempt to murder if at the time the attempt is made the intended victim is dead. This, in the law of attempt, is the defense of impossibility. However, Illinois, like many other jurisdictions in this country, has abolished this defense. See Ill.Rev.Stat., ch. 38, § 8–4(b) (1973). Consequently, it is recognized that a person can be guilty of attempt to murder an intended victim who is already dead, providing there is evidence from which it can be found that at the time of the attempt the defendant believed the victim was alive. *People v. Dlugash*, 41 N.Y.2d 725, 395 N.Y.S.2d 419, 363 N.E.2d 1155 (1977); see Annot., 54 A.L.R.3d 612; Annot., 37 A.L.R.3d 375.

■ In the case made by this petition for writ of habeas corpus, supported by a transcript of the proceedings when petitioner pled guilty, it appears there was a showing by the state that at the time petitioner made the attempt to murder the intended victim, he believed that person was alive. Even a cursory reading of his petition shows that his contention about the intended victim being dead is an afterthought acquired after his incarceration. Therefore, even if petitioner had exhausted his state remedies, it is clear he cannot prevail in this application for federal habeas relief. For these reasons, the petition in this case is dismissed.

So ordered.